KARYN TAYLOR, ESQ., Bar No. 6142
LUKE W. MOLLECK, ESQ., Bar No. 14405
LITTLER MENDELSON
200 South Virginia Street, 8th Floor
Reno, NV 89501
Telephone: (775) 785-6383
Fax: (775) 786-0127
Email: kmtaylor@littler.com
       lmolleck@littler.com

JAMES M. WITZ, ESQ., IL Bar No. 6210443
*(Pro Hac Vice)*
LITTLER MENDELSON P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Fax No.: 312.372.7880
Email: jwitz@littler.com

THOMAS W. CARROLL, ESQ., CO Bar No. 41438
*(Pro Hac Vice)*
LITTLER MENDELSON P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202-5835
Telephone: 303.629.6200
Fax No.: 303.629.0200
Email: tcarroll@littler.com

Attorneys for Plaintiff
GUARANTEED RATE AFFINITY, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GUARANTEED RATE AFFINITY, LLC, | Case No. 3:22-CV-00336-MMD-CLB |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT, ESI PROTOCOL AND FRE 502(D) AND (E) CLAWBACK AGREEMENT/ORDER** |
| v. | |
| JONATHAN ENGLER, | |
| Defendant. | |

LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.8800

3:22-CV-00336-MMD-CLB

1    Plaintiff Guaranteed Rate Affinity, LLC and Defendant Jonathan Engler (collectively the "Parties") hereby stipulate that in order to protect the confidentiality of information produced in connection with this case, the Parties agree as follows:

1. Any party or nonparty may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (by stamping the relevant page or labeling the item or as otherwise set forth herein) any item, piece of information, document, or response to discovery, which that party considers in good faith to contain information involving personal or confidential information of third parties or non-parties, trade secrets, or sensitive or confidential medical, business, or financial information ("Confidential Information"). "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information shall be limited to sensitive, highly confidential, nonpublic information, consisting either of trade secrets or other highly confidential business, customer, financial, marketing or strategic information, the disclosure of which may cause competitive or business injury to the designating party. Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

2. A party or nonparty may designate documents, items, or information disclosed during a deposition "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a Party may designate in writing, within 14 days after receipt of the deposition transcript for which the designation is proposed, that specific pages of the transcript be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in Paragraph 9 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 9 below, and counsel for all Parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation upon notice from the designating party.

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV 89501.1944

2                                    3:22-CV-00336-MMD-CLB

3.  All Confidential Information produced or exchanged in the course of this case (other than information that is publicly available) shall be used solely for the purpose of this case, including appeal.

4.  Except with the prior written consent of the producing party or nonparty, or upon prior order of this Court obtained upon notice to the producing party, Confidential Information marked "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) the Parties and counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

(b) employees of such counsel;

(c) any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the written assurance annexed to this Stipulated Protective Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(e) any authors or recipients of the Confidential Information;

(f) the Court, Court personnel, and court reporters;

(g) litigation-support services, including independent document copiers, graphic artists, and jury or trial consultants;

(h) witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Exhibit A written assurance before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the written assurance only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "CONFIDENTIAL" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies; and

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV  89501.1944

3

3:22-CV-00336-MMD-CLB

   (i) any other person agreed upon by the Parties in writing, which shall not require further order of the Court.

5. Except with the prior written consent of the producing party or nonparty, or upon prior order of this Court obtained upon notice to the producing party, Confidential Information marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to any person other than:

   (a) counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

   (b) employees of such counsel;

   (c) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the written assurance annexed to this Stipulated Protective Order as Exhibit A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

   (d) the Court, Court personnel, and court reporters;

   (e) litigation-support services, including independent document copiers, graphic artists, and jury or trial consultants; and

   (f) any other person agreed upon by the Parties in writing, which shall not require further order of the Court.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. No party shall file or submit for filing as part of the court record any document under seal except as provided by LR IA 10-5. A party who intends to file any paper, pleading, or exhibit containing, discussing, describing, or constituting Confidential Information designated by the other party or a nonparty must notify the designating party of that intention. The designating party must then inform the filing party whether the documents should be filed under seal or not. If so, as provided by

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV  89501.1944

4

3:22-CV-00336-MMD-CLB

LR IA 10-5, the filing party must file a motion to seal. The designating party may also be asked to show cause why the documents should remain sealed.

8. A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or discovery materials produced by a nonparty by providing written notice to all Parties of the relevant document numbers or other identification within 30 days after receiving such documents or discovery materials. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential.

9. If a party contends that any material is not entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" treatment, such party may at any time give written notice of each designation it is challenging and describing the basis for each challenge to the party who designated the material. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring telephonically or in-person within 14 days of the date of service of notice. In conferring, the Parties shall discuss the party's basis for challenging the confidentiality designation, and the other party's response to the same. If the Parties cannot resolve a challenge without court intervention, the party who designated the material shall have 21 days from the meet and confer to apply to the Court for an order designating the material as confidential. The party seeking the "CONFIDENTIAL" treatment has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents or items shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party that claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party that claims that the material is Confidential Information fails to apply to the Court for an order designating the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" within the time period specified above after the meet and confer process; or

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV 89501.1944

5

3:22-CV-00336-MMD-CLB

(c) the Court rules the material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

11. Any person in possession of another party's Highly Confidential Information shall maintain a written information-security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Highly Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Highly Confidential Information, and protect against unauthorized access to or use of such Highly Confidential Information. To the extent a person or party does not have an information-security program they may comply with this provision by having the Highly Confidential Information managed by or stored with counsel of record, eDiscovery vendors, or claims administrators that maintain such an information-security program.

If any party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Highly Confidential or Confidential Information, the receiving party shall: (1) promptly provide written notice to designating party of such breach; (2) investigate and take reasonable efforts to remediate the effects of the breach, and provide designating party with assurances reasonably satisfactory to designating party that such breach shall not recur; and (3) provide sufficient information about the breach that the designating party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement or order through legal means. The receiving party agrees to cooperate with the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

12. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, shall either (a) return such documents or items no later than 30 days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents within the time

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV  89501.1944

6

3:22-CV-00336-MMD-CLB

period upon consent of the party who provided the information and certify in writing. Notwithstanding the requirements in this paragraph, counsel of record for the Parties may maintain a copy of all court filings, discovery, and correspondence.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection. The inadvertent disclosure or production of any document this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject-matter waiver, of any kind.

15. This protective order will remain in full force and effect at all times during which any party to this protective order or any person having executed the attached Exhibit A retains possession, custody, or control any confidential material.

Dated: November 9, 2022.

Respectfully submitted,

/s/ Steven A. Caloiaro
STEVEN A. CALOIARO, ESQ.
BROOKS T. WESTERGARD, ESQ.
DICKINSON WRIGHT PLLC

Attorneys for Defendant
JONATHAN ENGLER

Respectfully submitted,

/s/ Karyn M. Taylor
KARYN M. TAYLOR, ESQ.
LUKE W. MOLLECK, ESQ.
JAMES M. WITZ, ESQ.
THOMAS W. CARROLL, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Plaintiff
GUARANTEED RATE AFFINITY, LLC.

The Court's jurisdiction over this protective order will cease upon conclusion of the case.

**IT IS SO ORDERED.**

**DATED:** November 14, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV 89501.1944

7

3:22-CV-00336-MMD-CLB

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# WRITTEN ASSURANCE

_____ [Name] declares that:

I reside at _____ in the city of _____, county _____, state of _____.

I am currently employed by _____ located at _____. _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____, 2022 filed in Case No. 3:22-CV-00336-MMD-CLB, pending in the United States District Court for the District of Nevada. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court. I shall not divulge any documents electronically stored information or copies of documents or electronically stored information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" obtained pursuant to such Protective Order, or the content of such documents or electronically stored information, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents or electronically stored information except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practicable, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them any documents or electronically stored information in my possession designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents or electronically stored information.

I submit myself to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

///

///

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV  89501.1944

8

3:22-CV-00336-MMD-CLB

I declare under penalty of perjury that the foregoing is true and correct.

[*Signature Below*]

Dated: _____

_____
(Signed)

_____
(Print Name)

4883-6228-4603.7

LITTLER MENDELSON, P.C.
Attorneys At Law
200 S. Virginia Street
8th Floor
Reno, NV  89501.1944

9                                             3:22-CV-00336-MMD-CLB